Case _____
Judge _____ Mag _____
Motn Ifp ____ Fee pd $ ____
Receipt # _____

# CIVIL RIGHTS COMPLAINT FORM

FOR USE IN ACTIONS UNDER 42 U.S.C. § 1983

## IN THE UNITED STATES DISTRICT COURT FOR THE

S.D. ~~NORTHERN~~ DISTRICT OF FLORIDA

Fort Laud. _____ DIVISION

1. David K. Hemmens _____ ,

2. _____ ,

3. _____ .

(Enter the full name of each plaintiff,
plus inmate number (if applicable).
Begin the name of each plaintiff on a new
line. The entire name of each party
should be in capital letters.
Descriptive terms such as a party's title
or job position should be in normal
case.)

vs.

1. Bureau of Prison's _____ ,

2. Department of Justice _____ ,

3. Derik Phillip M.D. _____ ,

4. S. Georgy, P.A. _____ .

(Enter the full name of each defendant in
the same manner as above. If additional
space is required, use the blank area
directly to the right.)

**CIV-FERGUSON**

# 00-6222

CASE NUMBER: _____
(To be assigned by Clerk)

MAGISTRATE
SORRENTINO

FILED BY _____ D.C.

00 FEB 15 AM 9 30

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FTL

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

Revised 2/97

## I.  PLAINTIFFS:

State your <u>full name</u>, inmate number, and full mailing address in the lines below.  Include the name of the institution in which you are confined.  Do the same for any additional Plaintiffs:

    (A)  Plaintiff's name:  **David Karl Hemmens**

          Plaintiff's inmate number:  **54551-004**

          Prison or jail:  **FPC EGLIN**

          Mailing address:  **PO BOX 600**

                       **Eglin AFB, FL 32542**

## II.  DEFENDANTS:

State the <u>full name</u> of the defendant, official position, mailing address, and place of employment.  Do the same for <u>every</u> defendant.

    (1)  Defendant's name:  **Bureau Of Prison's**

          Official position:  **Department of Justice**

          Mailing address:  _____

          Employed at:  _____

    (2)  Defendant's name:  _____

          Official position:  _____

          Mailing address:  _____

          Employed at:  _____

    (3)  Defendant's name:  _____

          Official position:  _____

          Mailing address:  _____

          Employed at:  _____

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

Revised 2/97

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES:

NOTE: THE COURT WILL NOT ACCEPT THE COMPLAINT FOR FILING UNTIL PLAINTIFF(S) FILL OUT THE FOLLOWING REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES. UNDER THE PRISON LITIGATION REFORM ACT OF 1995, 42 U.S.C. § 1997e (AS AMENDED), THIS COMPLAINT IS SUBJECT TO <u>DISMISSAL</u> IF THE CLAIMS PRESENTED HAVE NOT BEEN PROPERLY EXHAUSTED.

A. DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?

Yes( ✓ )            No( )

[If your answer is YES, answer all the questions in this subsection. If your answer is NO, proceed to subsection III B.]

Exhaustion of administrative remedies pursuant to Fla. Admin. Code Chapter 33-29 is required prior to pursuing a civil rights action concerning events occurring within the Florida Department of Corrections. Any required grievances, appeals, and responses **must** be submitted to the Court to verify exhaustion. Each plaintiff must complete a separate Section III.

**EXHAUSTION STEPS REQUIRED:**

* Emergency Grievance, Grievance of Reprisal, Grievance of a Sensitive Nature, Medical Grievance, Grievance Concerning Violation of Americans with Disabilities Act (ADA), Medical Grievance, Grievance Involving Admissible Reading Material, Grievance Governed by Fla. Admin. Code Rule 33-11.0065 Incentive Gain Time, Grievance Involving Disciplinary Action.

    a.    Formal Grievance to Superintendent or to the Office of Secretary (Form DC1-303)
    b.    Appeal to the Office of Secretary (Form DC1-303)

* General Grievance

    a.    Informal Grievance (Form DC3-005)
    b.    Formal Grievance (Form DC1-303)
    c.    Appeal to the Office of Secretary (Form DC1-303)

**EXHAUSTION STEPS TAKEN:**

1. Emergency Grievance, Grievance of Reprisal, Grievance of a Sensitive Nature, Medical Grievance, Grievance Concerning Violation of Americans with Disabilities Act (ADA), Grievance Involving Admissible Reading Material, Grievance Governed by Fla. Admin. Code Rule 33-11.0065 Incentive Gain Time, Grievance

Revised 2/97

Involving   Disciplinary   Action   (these   are   requests   for
Administrative Remedy or Appeal, by-passing the informal grievance
step).

    a.    Did   you   submit   your   grievance   directly   to   the
Superintendent and/or to the Office of Secretary
(Form DC1-303)?

    Yes( ✓ ) *from original incident* No ( )
    *S.D. Files*

    b.    If so, you must attach a copy of the grievance and
response to this complaint form.

    c.    Were   you   denied   emergency   status   or   otherwise
required to first file an informal grievance?

    Yes( ✓ )    No ( )

    d.    Did you have a disciplinary hearing concerning this
matter?

    Yes( )    No( ✓ )

    e.    If so, you must attach a copy of the disciplinary
report and disciplinary committee's findings and
decision to this complaint form.

2.    Informal Grievance (Request for Interview)

    a.    Did   you   submit   an   informal   grievance   (Form   DC3-
005)?

    Yes( ✓ ) *S.D. File* No ( )

    b.    If so, you must attach a copy of the grievance and
response to this complaint form.

3.    Formal Grievance (Request for Administrative Remedy or
Appeal)

    a.    Did you submit a formal grievance (Form DC1-303)?

    Yes( ✓ )    No ( )

    b.    If so, you must attach a copy of the grievance and
response to this complaint form.

4.    Appeal  to  the  Office  of  the  Secretary  (Request  for
Administrative Remedy or Appeal)

    a.    Did  you  submit  an  appeal  to  the  Office  of  the

Secretary (Form DC1-303)?

Yes( ✓ ) *Denied S.D. File* No( )

b.  If so, you must attach a copy of the appeal and response to this complaint form.

B. DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY JAIL?

Yes( ✓ )                    No( )

If your answer is YES, answer the following questions.

1.  Is there a grievance procedure at your institution or jail?

Yes( ✓ )                No( )

2.  Did you present the facts relating to your complaint in the prison grievance procedure?

Yes( ✓ )                No( )

3.  If your answer is YES:

a.  What steps did you take? *requested treatment, light Duty, low bunk, Denied*

b.  What were the results?

4.  If your answer is NO, explain why not: *eye view examine, "only" M.D. refuses*

## IV.  PREVIOUS LAWSUITS

NOTE: UNDER THE PRISON LITIGATION REFORM ACT OF 1995, 28 U.S.C. § 1915 (AS AMENDED), NO PRISONER SHALL BRING A CIVIL ACTION OR APPEAL A JUDGMENT IN A CIVIL ACTION UNDER 28 U.S.C. § 1915 IF THE PRISONER HAS, ON 3 OR MORE PRIOR OCCASIONS, WHILE INCARCERATED OR DETAINED IN ANY FACILITY, BROUGHT AN ACTION OR APPEAL IN A COURT OF THE UNITED STATES THAT WAS DISMISSED ON THE GROUNDS THAT IT IS FRIVOLOUS, MALICIOUS, OR FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, UNLESS THE PRISONER IS UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY.  THEREFORE, IT IS EXTREMELY IMPORTANT THAT THIS SECTION BE COMPLETED IN **THE MOST TRUTHFUL AND COMPLETE MANNER POSSIBLE**.  FAILURE TO GIVE COMPLETE AND TRUTHFUL INFORMATION ABOUT PRIOR CASES CAN RESULT IN THE **DISMISSAL** OF THIS ACTION.

A.  Have you initiated other actions in **state** court dealing with the same or similar facts or issues as involved in this action?    Yes( ✓ )    No( )

*S.D. 93-95*
*Ft. Laud.*

**V.    STATEMENT OF FACTS:**

Using numbered paragraphs, state as briefly as possible the **FACTS** of your case.   Describe how <u>each</u> defendant was involved and what each did or did not do to give rise to your claim.   Include the names of persons involved, dates, times, and places.   State exactly what happened.   **DO NOT make any legal arguments or cite any cases or statutes.**   You may make copies of these pages and attach additional sheets of paper if needed:

---

**Medical refuses to give complete examination's by neurologist**

**refuses to give a back brace for work. refuses to give a low**

**bunk pass. refuses to give restriction for work,** Medical

records refuses to give plaintiff, the M.D.

Findings of his "eye view" examine on 2/07/00

to attach to this claim.

## VI.  STATEMENT OF CLAIM:

State as briefly as possible what rights under the Constitution, laws, or treaties of the United States you claim have been violated.  Be specific.  Number each separate claim, and relate each claim to the facts in the complaint.  If the claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Revised 2/97                          8

## VII. RELIEF REQUESTED:

State briefly what relief you seek from this court.  Do not make
any legal arguments or cite any cases.  You may, if you wish, cite
statutes which authorize the relief requested, but need not do so.

**Court Order for work restriction, No lifting over 5lbs.**

**low bunk pass. no prolong standing. job assisgnment that the**

**plaintiff is capable of working without strain to his lower**

**back.**

## VIII.  I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

Signed this __**10th**__ day of __**February**__, 19__ **XXXX 2000**.

Daind Hemmens 2/10/2000

(Signature(s) of Plaintiff(s))

Revised 2/97                    9

AUTHORIZED FOR LOCAL REPRODUCTION

| MEDICAL RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|

| DATE | SYMPTONS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |
|---|---|

9/9/98
0840
S/C

FAXED
11:00 AM

S. Pt. came to S/C c/o pain over Legs due to Hx. of "nerve Damage" yrs Ago.—

O. the Possibility of muscle waste may be present.

A. Nerve Damage over Lower Extrem.

P. ① Motrin 800 mg ↑ PO TID #20 refill (X1)

② Pt. ed. on Sxp. Dx and Tx.—

L. TRUJILLO, PA

**FCI/FDC TALLAHASSEE**

| HOSP | STATUS | DEPART./SERVICE | RECORDS MAINTAINED AT |
|---|---|---|---|
| SPONSOR'S NAME | SSN/ID NO. | RELATIONSHIP TO SPONSOR | |

PATIENT'S IDENTIFICATION: (For typed or written entries, give: Name - last, first, middle; ID No or SSN; Sex; Date of Birth; Rank/Grade.)

REGISTER NO. 54551-004    WARD NO.

Hemmens, David

CHRONOLOGICAL RECORD OF MEDICAL CARE
Medical Record

STANDARD FORM 600 (REV. 6-97)
Prescribed by GSA/ICMR
FIRMR (41 CFR) 201-9.202-1

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|
| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT TREATING ORGANIZATION (Sign each entry) |

11-4-99
0720

S., pt c/o of LBP since 3 days ago and radiate to Rt leg, Hx of MVA causing back injury in 1984, then another injury to his back in 1993 from slip and fall. and I can't sleep from it, and I stand 15 min then I start hurting

O. B/P 133/75, P 76 T 98.5 wt 222 pt alert and oriented ⊖ distress while seating or laying down.

Treatment: L4-5 ⊖ spasm ⊖ swelling RoM at waist 90° can touch the floor with his finger, negative SLR normal flexion of the knee, normal knee and ankle reflex Neurovascular intact

A. LBP

P ① Ibu 600 mg T, po TID # 30.
E ② must. Heat, stretching exercise,
   ③ flu in S/c

ABOVE NOTE REVIEWED
D. PHILLIP, MD
1/5/99

H. T. GEORGY, MLP
FPC EGLIN

NOV 0 4 1999
B. J. MILES, RPH

PATIENT'S IDENTIFICATION (Use this space for Mechanical imprint)

FPC EGLIN
HEALTH SERVICES UNIT
P.O. BOX 600
EGLIN AFB, FL 32542

| RECORDS MAINTAINED AT: ▶ | | |
|---|---|---|
| PATIENT'S NAME (Last, First, Middle Initial) Hemmens, David | | SEX |
| RELATIONSHIP TO SPONSOR | STATUS | RANK/GRADE |
| SPONSOR'S NAME | | ORGANIZATION |
| DEPART./SERVICE | SSN/IDENTIFICATION NO. 54551-004 | DATE OF BIRTH |

CHRONOLOGICAL RECORD OF MEDICAL CARE

STANDARD FORM 600 (REV. 5-84)
Prescribed by GSA and ICMR
FIRMR (41 CFR) 45.505



**Fort Lauderdale Regional Magnetic Resonance Center**

Terry B. Bachow, M.D.
Director

Kenneth R. Stein, M.D.
Howard R. Wilkov, M.D.
Clinical Coordinators

Richard T. Baker III, M.D.
Charles F. Tate III, M.D.

4461 North Federal Highway • Oakland Park, Florida 33308
Phone (305) 492-8151 • FAX (305) 772-7753

Radiologists of
North Ft. Lauderdale, P.A.
Robert F. Conli, M.D.
Thomas B. McGinty, M.D.
Richard L. Bettenhausen, M
Hugh F. Gardiner, M.D.
Howard R. Wilkov, M.D.
Charles F. Tate III, M.D.
Kenneth R. Stein, M.D.
Terry B. Bachow, M.D.
Richard T. Baker III, M.D.
Abdon J. Medino, M.D.
George J. Meyer, M.D.
(Radiologist Emeritus)

MARK DRUCKER, M.D.
HOLY CROSS EMERGENCY ROOM
4725 N. FEDERAL HIGHWAY
FORT LAUDERDALE, FL 33308

NAME:   HEMMENS, DAVID
DATE:   2/7/95
DOB:    10/13/60
MR#:    941909

**CLINICAL:** INCREASING LOW BACK PAIN RADIATING INTO THE RIGHT HIP
AND THIGH WITH NUMBNESS OF BOTH LEGS.  PRIOR STUDY 10/3/94.

**MRI LUMBAR SPINE W/O CONTRAST:**  Multiplanar spin echo images were
performed.  Lumbar spine is slightly less straightened then before.
The lumbar vertebrae and visualized upper two sacral segments show no
compression fracture, subluxation, or abnormal marrow signal.  Mild
desiccation of L3-4 disc and slight desiccation of L4-5 is again
seen.  Small posterior left protrusion of L4-5 appears slightly
smaller.  No new disc herniations are seen.  No lumbar canal stenosis
or other new findings.

          **IMPRESSION:** Unchanged mild degenerative desiccation of the
          L3-4 disc and slight desiccation of L4-5.  Slightly smaller
          left posterior protrusion of the L4-5 disc.  No new disc
          herniation or spinal canal stenosis.

RTB/bw
2/8/95

Richard T. Baker III, M.D.

_MG_
11-18-99

H. T. GEORGY, MLP
FPC EGLIN